IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

July 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | C.C.A. No. 02C01-9808-CC-00255 |
| Appellee, | ) | |
| | ) | Fayette County |
| v. | ) | |
| | ) | Honorable Jon Kerry Blackwood, Judge |
| **LAUNDRA M. HULBERT**, | ) | |
| | ) | (Denial of Probation) |
| Appellant. | ) | |


**FOR THE APPELLANT:**

ANDREW S. JOHNSTON
3074 East Street
Memphis, TN  38128

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

ELIZABETH T. RICE
District Attorney General
302 Market Street
Somerville, TN  38068


**OPINION FILED:** _____


**AFFIRMED PURSUANT TO RULE 20**


**L. T. LAFFERTY, SENIOR JUDGE**

## O P I N I O N

The defendant, Laundra M. Hulbert, appeals as of right from a denial of probation by the Fayette County Circuit Court following his convictions for two counts of aggravated robbery. At the conclusion of a sentencing hearing, the trial court imposed concurrent sentences of eight years for each count as a Range I, standard offender, in the Department of Correction. The defendant presents one appellate issue: whether the trial court erred in failing to sentence the defendant to probation where the defendant was eligible and suitable for probation.

After a review of the entire record, briefs of the parties, and applicable law, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

The Fayette County grand jury indicted the defendant and four others for the aggravated robbery of Thomas and Lou Scott on November 5, 1997, for taking a money box containing approximately $1,000, checks, and food stamps, two watches, a wallet, and a cellular phone. This offense was accomplished with a deadly weapon, to wit, two pistols.

On July 14, 1998, the defendant entered two pleas of guilty to aggravated robbery as charged in the two-count indictment. The defendant requested a sentencing hearing for the trial court to determine the length of the sentence and to consider full probation.

At the sentencing hearing on August 20, 1998, Thomas Scott testified that he and his wife, Lou Scott, were watching TV:

> [W]hen two men ran into our room; came into our house and came into the den where we were sitting and pointed guns at us; asking us where was the money at; using a little profanity. And one of the men went over and opened our front door of the den and kicked the glass out of the door, trying to get the whole door open; still coming back and asking, "Where's the money; where's the money; where's the money?"

And we finally -- We heard others going through the back part of the house. We finally told them where the money box was that I brought from the store. After they'd gone through the house with other people, the others found the box and they left. They didn't harm us, but they left out the back door, and they'd cut our telephone wire and that made it a little difficult to call anyone.

At the time of sentencing, the defendant was 20 years old and was employed as a laborer at Hart Manufacturing Company in Collierville, Tennessee. On the night of the robbery, the defendant was with Frankie Driver, who is his cousin, Corey Albright, Shawn Alston, and Demius "Dinky" Hullom. Alston told them where they could make a "stang [sting]". Hullom drove them to the Scotts' residence. The defendant knew Alston had a gun. The defendant saw Alston and Albright go to the back of the house, while Driver stood at the side of the house, and the defendant stood in some bushes. The defendant testified he did not know exactly what they were going to do. The others ran back to the car, and the defendant learned that there was another gun. They drove to Driver's house, and the defendant received about $225. The defendant denied that he had a gun and gave a written statement to law enforcement officers of his account.

The record reveals that in his statement, the co-defendant, Corey Albright, placed the defendant in a more active role in the robbery of the Scotts.

At the conclusion of the hearing, the trial court imposed concurrent sentences of eight years in the Department of Correction and denied probation, because of the "seriousness of the offense, deterrence, and that it would depreciate the seriousness of this matter."

## SENTENCING CONSIDERATIONS

The defendant contends that he is eligible for probation under the provisions of Tenn. Code Ann. § 40-35-303(a), which states that "[a] defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is eight (8) years or less." That is a true statement; however, the continuing

3

language of the statute states, "provided, that a defendant shall **not be eligible** for probation under the provisions of this chapter if the defendant is convicted of a violation of . . . § 39-13-402. . . ."

Tennessee Code Annotated § 39-13-402(a) states:

Aggravated robbery is robbery as defined in § 39-13-401:

(1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or

(2) Where the victim suffers serious bodily injury.

In *Terry McMahan v. State,* No. 03C01-9410-CR-00379, 1995 WL 328222 (Tenn. Crim. App., Knoxville, June 2, 1995), *per. app. denied concurring in results only* (Tenn. 1995), this Court affirmed the trial court in denying the defendant placement in a community corrections program for the offense of aggravated robbery, due to the defendant's extensive drug abuse. We have held that for persons to be eligible for community corrections programs a person must first be statutorily eligible for probation. Probation eligibility is governed by Tenn. Code Ann. § 40-35-303. Defendants convicted of aggravated robbery, under Tenn. Code Ann. § 39-13-402, are not eligible for probation.

Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee, we hold the defendant is not eligible for consideration of probation, and the trial court's judgment in denying probation is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE